NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY SULEYMA OLMEDO GARCIA;
CINDY JEANMILLETTE HERNANDEZ
OLMEDO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-73582

Agency Nos.    A206-680-495
                        A206-680-496

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2022**
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and LYNN,*** District Judge.

Cindy Suleyma Olmeda Garcia, a citizen of El Salvador, seeks review of a

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel previously granted the parties' joint motion to submit this
case on the briefs and record and without oral argument.  *See* Fed. R. App. P.
34(a)(2).

\*\*\*        The Honorable Barbara M. G. Lynn, Chief United States District Judge
for the Northern District of Texas, sitting by designation.

Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge (IJ) order denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture.[1] We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.[2]

1.	Before this Court, Garcia argues that her "status as an ARENA member" and "her resistance to gang activities constituted a political opinion," and that such facts "may have motivated persecution by FMLN gang members." First, Garcia failed to exhaust before the BIA any claim based on her work for the ARENA political party. Accordingly, we lack jurisdiction to review this claim. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (holding that a "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives the court of jurisdiction to hear the matter" (quotations and alterations omitted)).

---

[1] Garcia's daughter, Cindy Jeanmillette Hernandez Olmedo, also a petitioner here, seeks derivative relief based on Garcia's application for asylum.

[2] Garcia does not challenge the BIA's determination that she is ineligible for CAT relief. Garcia has thus forfeited any challenge to the denial of CAT protection. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Second, we disagree with the government that Garcia also failed to exhaust her claim based on an alleged anti-gang political opinion. That theory is fairly set forth in Garcia's brief to the BIA, and the BIA also addressed the nexus issue in its decision. While Garcia's claim is thus exhausted to this extent, substantial evidence supports the BIA's denial of relief. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Id.* (quotations omitted).

The BIA permissibly concluded that Garcia failed to show her past mistreatment or fears of future persecution bore a nexus to her alleged resistance to gang activities. While Garcia's allegations involve tragic circumstances, Garcia presented no evidence that she actively resisted gang activities other than refusing their extortion demands. Further, Garcia did not indicate before the IJ that she believed she was targeted for any anti-gang activities. Substantial evidence thus supports the BIA's denial of Garcia's asylum claim based on its conclusion that Garcia's past mistreatment and fears of future harm relate to general criminality and not a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)

3

("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). In *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), we held that "in mixed motive cases," an applicant for withholding of removal need only prove that a protected ground is "a reason" for her persecution, not "one central reason," as required for an asylum claim, *id.* at 359–60. However, substantial evidence supports the BIA's denial of Garcia's withholding of removal claim because she failed to meet her burden of demonstrating a clear probability of persecution on a protected ground.

2.      Garcia also argues that the BIA erred in not addressing her argument that her past mistreatment rose to the level of persecution. But the BIA declined to address past persecution because the lack of nexus to a protected ground was independently dispositive of Garcia's applications for asylum and withholding of removal. Like the BIA, we thus have no occasion to consider whether Garcia demonstrated past persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining the Court, like the agency, is "not required to make findings on issues the decision of which is unnecessary to the results [it] reach[es]").

**PETITION DENIED IN PART AND DISMISSED IN PART.**

4